UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-421 TS |
| | ) | |
| WILLIAM K. WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Eric D. Smith, a *pro se* prisoner, has now filed in this case a third motion to reconsider pursuant to FED. R. CIV. P. 60(b). Smith, while housed at the Pendleton Correctional Facility, filed this habeas petition alleging the denial of due process during a Conduct Adjustment Board hearing at the Westville Correctional Facility in 2005. Shortly after the case was filed, it was dismissed pursuant to Section 2254 Habeas Corpus Rule 4 because the Board did not take any earned credit time from Smith as a result of the hearing, nor did it demote Smith in credit class. The court stated, "Smith has no liberty interest in not being placed in segregation." DE 3.

Smith then filed his first motion to reconsider. He argued that retention in credit class three prolonged his confinement. Based on the inconclusiveness of the record, the Court granted his motion and reopened the case. "The current record is insufficient to show that Mr. Smith did not have a liberty interest." DE 9. The Respondent then filed a motion to dismiss arguing that,

> When a prisoner is simply placed in segregation, as in this case, there is no basis for relief under the habeas corpus doctrine. Disciplinary segregation affects the severity of a sentence rather than the duration of custody. Therefore, the petition was not properly filed under 28 U.S.C. § 2254.

DE 16 at 3. In addition, the Respondent attached a copy of the Report of Disciplinary Hearing. That report showed that the Board, on May 31, 2005, restricted his phone for 90 days and confined him to disciplinary segregation from May 27, 2006, to November 27, 2006. DE 16-4.

Smith responded to the motion to dismiss by arguing that he was denied due process at his hearing. He did not squarely respond to the argument that being sentenced to segregation was not remediable in a habeas corpus proceeding. The Court denied the habeas petition holding that,

> Even if the CAB denied the petitioner due process in his hearing, none of his statements amounts to an allegation that he actually suffered a loss that can be challenged in a habeas corpus proceeding because his sanctions did not lengthen the duration of his confinement.

DE 18 at 3. That is to say, being placed in segregation did not require any evidence, it did not require a hearing, it did not require due process. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

Smith then filed his second Rule 60 motion and argued for the first time that his segregation at the Westville Control Unit (WCU) was the type of atypical and significant hardship for which *Sandin* and *Wilkinson v. Austin*, 545 U.S. 209 (2005), require a due process hearing. Smith also argued that the Court erred by finding that he was not "in custody." Responding to his argument that he was in custody for purposes of habeas corpus review, the Court denied the motion to reconsider.

> [T]he Court never disputed that the Petitioner was "in custody" for the purpose of habeas corpus review. Rather, the Court determined that the sanction that the Petitioner received as a result of the CAB hearing did not lengthen the duration of his confinement.

DE 21. The Court did not address his new "atypical and significant hardship" claim. Even if the Court had squarely addressed this claim, Smith's motion would have nevertheless been denied for the same reasons that his third Rule 60 motion will now be denied.

First, it is not appropriate to raise a new legal theory for the first time in a Rule 60 motion. But more importantly, even if Smith had squarely and unambiguously presented this claim in his original petition, it would have been denied. At the time he filed his petition, he was housed at the Pendleton Correctional Facility, not the Westville Control Unit. Therefore it was irrelevant what conditions existed at WCU. Even if he spent time at WCU before he filed this petition, once he was transferred out, any claim he might have had was rendered moot. Although he has now been transferred back to WCU, Smith does not argue, and there is no evidence in this record to indicate, that he is now housed there as a result of anything done by the Board in regard to his conviction in WCU-05-05-0608.

For the foregoing reasons, the Motion for Reconsideration (DE 22) is **DENIED**.

SO ORDERED on July 19, 2007.

        s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION