UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:06-CV-421-TS |
| | ) | |
| WILLIAM K. WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Eric D. Smith, a *pro se* prisoner, filed a motion asking this Court to belatedly enlarge the time for him to file a notice of appeal and a motion asking to proceed *in forma pauperis* on appeal. Smith argues that he knew the deadline for filing an appeal was July 3, 2007, but was prevented from filing a notice of appeal by the prison where he is housed.

First, Smith's argument that he was prevented from filing a notice of appeal is not credible. Smith is an active and experienced litigator who has filed at least 27 cases in this Court, at least 9 in the Southern District of Indiana[1] and at least 13 appeals. Judgment was entered in this case on May 14, 2007. He filed a motion for reconsideration which was received by the Court on May 30, 2007. Although he did not date the motion, it is not unreasonable to infer that he signed and delivered the motion within ten days of the judgment so as to extend the time for filing an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A)(vi). The Court denied that motion on June 5, 2007, and therefore, pursuant to Federal Rule of Appellate Procedure 4(c)(1), the last day for depositing a notice of appeal into the prison's mail system was July 5, 2007. From May 14, 2007,

---

[1] Cases filed in the Southern District of Indiana and transferred to this court are counted and listed only under this Court's cause number.

to July 5, 2007, Smith filed thirty-two documents in this Court, the Southern District of Indiana, or the Seventh Circuit.

> *Smith v. Wilson*, 3:07-cv-307, DE 1 and 2, signed[2] May 18, 2007
> *Smith v. Wilson*, 3:07-cv-311, DE 1 and 2, signed May 18, 2007
> *Smith v. Wilson*, 3:07-cv-312, DE 1, signed May 18, 2007
> *Smith v. Wilson*, 3:07-cv-313, DE 1, signed May 18, 2007
> *Smith v. Wilson*, 07-2146, DE 7, signed May 24, 2007
> *Smith v. Wilson*, 3:06-cv-449, DE 12, signed May 29, 2007
> *Smith v. Wilson*, 07-2137, DE 7, signed May 29, 2007
> *Smith v. Wilson*, 07-2137, DE 9, signed May 30, 2007
> *Smith v. Wilson*, 07-2146, DE 9, signed May 30, 2007
> *Smith v. Wilson*, 3:07-cv-199, DE 8, signed June 1, 2007
> *Smith v. Knight*, 1:07-cv-127, DE 16, signed June 6, 2007
> *Smith v. Knight*, 1:07-cv-299, DE 16, signed June 6, 2007
> *Smith v. Wilson*, 07-2029, DE 9, signed June 6, 2007
> *Smith v. Wilson*, 3:07-cv-313, DE 2, signed June 7, 2007
> *Smith v. Wilson*, 07-2137, DE 11, signed June 8, 2007
> *Smith v. Wilson*, 07-2146, DE 11, signed June 8, 2007
> *Smith v. Wilson*, 3:07-cv-199, DE 9, signed June 10, 2007
> *Smith v. Knight*, 1:07-cv-271, DE 14 , signed June 11, 2007
> *Smith v. Wilson*, 07-2137, DE 12, signed June 13, 2007
> *Smith v. Wilson*, 07-2144, DE 6, signed June 13, 2007
> *Smith v. Knight*, 1:07-cv-127, DE 21, June 16, 2007
> *Smith v. Knight*, 1:07-cv-299, DE 21, signed June 16, 2007
> *Smith v. Knight*, 07-2354, DE 7, signed June 18, 2007
> *Smith v. Wilson*, 07-2145, DE 9, June 19, 2007
> *Smith v. Knight*, 07-2354, DE 7, signed June 21, 2007
> *Smith v. Knight*, 07-2355, DE 7, signed June 21, 2007
> *Smith v. Hanks*, 1:06-cv-1352, DE 48, signed June 25, 2007
> *Smith v. Wilson*, 07-2137, DE 14, signed June 25, 2007
> *Smith v. Wilson*, 07-2145, DE 11, signed June 25, 2007
> *Smith v. Knight*, 07-2355, DE 11, signed June 25, 2007
> *Smith v. Knight*, 1:07-cv-271, DE 18, signed June 27, 2007
> *Smith v. Wilson*, 3:06-cv-421, DE 22, signed June 27, 2007

---

[2] The signature date for each of these filings is taken from the certificate of service where one extists, otherwise it is taken from the document when available. A number of documents contained neither; though they were received by the clerk during the time for filing a notice of appeal and in many instances they appear to have likely been deposited into the prison mail system during that time, they have nevertheless been omitted from this list.

Smith argues that he was unable to obtain timely copies from the library, but this did not prevent him from writing to the Court and filing a notice of appeal. His choice to wait past the deadline for copies does not justify his untimely appeal where he was otherwise able to write and mail a timely notice of appeal.

Nevertheless, even if his unjustified delay could be excused, this court lacks jurisdiction to reopen the time for filing a notice of appeal after it has expired except in limited circumstances.

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Here, Smith states that he knew the deadline and that he was working to file an appeal on June 25, 2007, twenty days after the entry of judgment. Because he knew of the entry of judgment within twenty-one days of its entry, this Court cannot reopen the time for filing a notice of appeal.

Because Smith is denied leave to reopen the time to file a notice of appeal, the motion to proceed *in forma pauperis* on appeal is moot. Nevertheless, even if the appeal had been timely filed, the *in forma pauperis* petition would have been denied because the appeal is not taken in good faith for the reasons stated in this court's prior orders. *See* DE 18 and 20.

For the foregoing reasons, the Motions (DE 23 and 24) are **DENIED**.

SO ORDERED on July 19, 2007.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION